United States District Court
Southern District of Texas
**ENTERED**
January 23, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEWELL THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00083 |
| | § | |
| ISAAC KWARTENG, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Pending before the Court is Plaintiff's complaint (D.E. 1) for initial screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A. On August 5, 2022, United States Magistrate Judge Mitchel Neurock issued a Memorandum and Recommendation (M&R, D.E. 30), recommending that the Court retain Plaintiff's claim against Dr. Isaac Kwarteng under § 1983 for deliberate indifference in regard to his housing reassignment and Plaintiff's claims against the State of Texas, Dr. Kwarteng, Warden Jerry Sanchez, and Bryan Collier in their official capacities for violations of the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA). The M&R recommends that the Court dismiss all other claims. Plaintiff timely filed his objections (D.E. 32), each of which is addressed below.

First, Plaintiff objects that the Magistrate Judge erred in concluding that, if a doctor offered some treatment, however ineffective, he cannot be found deliberately indifferent. D.E. 32, p. 3. Plaintiff is mistaken. The M&R reasons that because Dr. Kwarteng actively

treated Plaintiff by following treatment protocols and referring him to physical therapy, Plaintiff's contentions amounted to a disagreement over the course of treatment.  D.E. 30, p. 14.  Nothing in the law allows an inmate to dictate the type of treatment he receives for his malady, and Dr. Kwarteng's conduct does not demonstrate deliberate indifference.  The first objection is **OVERRULED.**

Second, Plaintiff contends that persisting in an ineffective form of medical treatment constitutes deliberate indifference, citing *White v. Napolean*, 867 F.2d 103, 113 (3rd Cir.1990).  D.E. 32, pp. 3-4.  In *White*, because the doctor had given the plaintiff unsuccessful medications on multiple occasions and used a particular medication in a harmful way that was contrary to standard medical practices, the court reasoned that the plaintiff would have a cause of action for deliberate indifference if he showed that the doctor used this medication solely to inflict pain.   867 F.2d at 107-11.   Plaintiff acknowledges that Dr. Kwarteng prescribed his medications in accordance with prison policy.  D.E. 27, p. 52.  Further, Plaintiff alleges no facts that indicate that Dr. Kwarteng prescribed this course of treatment solely to inflict pain.   Plaintiff's second objection is **OVERRULED**.

Third, Plaintiff argues that the Magistrate Judge erred because a persistent and consistent pattern of negligent acts may rise to the level of deliberate indifference.  D.E. 32, p. 4.  To support this argument, Plaintiff cites cases where a prison's systemic lack of medical resources and policies resulted in deliberate indifference.  *See, e.g.*, *Ramos v. Lamm*, 639 F.2d 559, 578 (10th Cir. 1980) (finding that the plaintiff was denied access to

reasonably adequate healthcare because a psychiatrist only visited the prison once a month, preventing a majority of the prisoners who needed care from seeing a physician).[1] These cases are factually inapposite as Plaintiff's claim involves a single doctor who prescribed treatment according to policy.  There is no evidence of a consistent pattern of negligence here; Plaintiff's third objection is therefore **OVERRULED**.

Fourth, Plaintiff contends that Dr. Kwarteng had not exhausted all medical remedies because he failed to prescribe Tylenol 3, which constituted deliberate indifference.  D.E. 32, pp. 4-5.   However, Plaintiff acknowledged that he was taking aspirin for pain management at that time.  D.E. 27, p. 50.  As the M&R properly concluded, Plaintiff's contention amounts to a disagreement over the proper course of treatment.  D.E. 30, p. 14. Even if Dr. Kwarteng's actions were negligent, acts of negligence or medical malpractice do not constitute deliberate indifference absent exceptional circumstances.  *Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012) (citing *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)).  No such exceptional circumstances exist here, and Plaintiff's fourth objection is therefore **OVERRULED**.

Fifth, Plaintiff argues that Dr. Kwarteng intentionally treated him incorrectly.  D.E. 32, p. 5.  Plaintiff cites no evidence of Dr. Kwarteng's supposed malicious intent, and

---

[1] *See also Harris v. Thigpen*, 941 F.2d 1495, 1512 (11th Cir. 1991) (finding no deliberate indifference where the facts showed that the prison was adequately staffed and sufficiently attending to the prisoner's medical needs); *DeGidio v. Pung*, 920 F.2d 525, 533 (8th Cir. 1990) (finding deliberate indifference where a system-wide series of reckless or negligent conduct supported the claim); *Todaro v. Ward*, 565 F.2d 48, 53 (2d Cir. 1977) (finding deliberate indifference where prison procedures resulted in interminable delays and outright denials of medical care to suffering inmates).

Plaintiff's testimony supports that he was treated correctly, according to policy. *See* D.E. 27, p. 52. Accordingly, Plaintiff's fifth objection is **OVERRULED**.

Sixth, Plaintiff objects that Warden Sanchez should have supervisor liability because he overheard a conversation about Plaintiff's housing assignment. D.E. 32, pp. 6-10. The Magistrate Judge properly analyzed the facts and law in this regard. Plaintiff's cited cases involve allegations of widespread abuse and customs or policies that resulted in deliberate indifference. *See, e.g.*, *Valdes v. Crosby*, 450 F.3d 1231, 1244 (11th Cir. 2006). These cases are factually inapposite to Plaintiff's claim as he has not shown that a custom or policy has resulted in a constitutional deprivation of rights. Likewise, Plaintiff's cited legal propositions regarding supervisory liability are inapplicable because Warden Sanchez had no personal involvement in the decision to move Plaintiff to the second floor. The Court **OVERRULES** Plaintiff's sixth objection.

Seventh, Plaintiff claims that Warden Sanchez violated Texas Revised Civil Statute § 6166a, governing prison management (a statute that has been repealed). D.E. 32, p. 9. As a preliminary matter, this issue was not raised prior to the M&R and was therefore waived. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). Also, in the course of making that objection, Plaintiff acknowledges that a § 1983 claim provides a remedy for violation of the United States Constitution and federal laws. D.E. 32, pp. 8-9. A violation of state law, without more, will not justify federal judicial intervention through § 1983. *Smith v. Sullivan*, 611 F.2d 1039, 1045 (5th Cir. 1980). The Court **OVERRULES** Plaintiff's seventh objection.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly,

(1) Plaintiff's § 1983 claim against Dr. Kwarteng for deliberate indifference in regard to his housing reassignment is **RETAINED**;

(2) Plaintiff's ADA and RA claims against the State of Texas, and Dr. Kwarteng, Sanchez, and Collier in their official capacities in regard to his housing reassignment are **RETAINED**;

(3) Plaintiff's § 1983 claim for money damages against Dr. Kwarteng, Sanchez, and Collier in their official capacities are **DISMISSED** as barred by the Eleventh Amendment;

(4) Plaintiff's ADA and RA claims against all Defendants in their individual capacities are **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1);

(5) Plaintiff's § 1983 claim for deliberate indifference against Sanchez is **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1); and,

(6) Plaintiff's § 1983 claim for deliberate indifference with regard to medical treatment against Dr. Kwarteng is **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1).

ORDERED on January 23, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE